## SAMANTHA HELM v. WILLIAM HELM.

HOMESTEAD; CONVEYANCE; DURESS; *Consent of Wife to Alienation.*  Where the wife was compelled to sign a deed for the conveyance of the homestead by threats of her husband and the purchaser to take her life if she refused, *held*, that a signature procured in that manner is not such a consent to part with the homestead as the law requires, and that the wife may bring suit at once to have such signature declared void.

### *Error from Jackson District Court.*

ACTION by plaintiff in error against James M. Helm, and *William Helm* to set aside and annul a deed, and to compel defendants to surrender the same for cancellation.    The petition alleged the marriage of plaintiff to James M. Helm, the ownership by said Helm at that time of certain lands on which the said parties resided, and the execution by plaintiff and said James M. to said *William Helm* of a deed for said lands; that the land was worth $1,500; that the pretended consideration was $900.    A part of said petition is as follows:

"Plaintiff further avers and charges that the said sale and transfer was made for the purpose of defrauding your petitioner, and that the said William Helm well knew that such was the object and intent of the said James M. Helm; and that the said sale and transfer and conveyance was made without consideration; and your petitioner further avers that said defendants just before the making of said deed as aforesaid mentioned, menaced and threatened the life of the said plaintiff unless the plaintiff would sign, seal, and acknowledge said deed to the said lands to the said William Helm; and thereupon, then and there, by reason and in consequence of

such menaces and threats, and in fear and apprehension thereof, plaintiff signed and acknowledged said deed. Plaintiff further avers that the said premises conveyed as aforesaid was the homestead of your petitioner and the said James M. Helm, and that it was all the real estate owned by him the said James M. Helm; and that plaintiff refused and so informed the said defendants that she would not sign and acknowledge a deed to said homestead until the said James M. Helm would purchase another homestead. But your petitioner, relying on the said representations of the said defendants that the said James M. Helm had purchased another homestead as aforesaid mentioned, and by reason and in consequence of the menaces and threats as aforesaid, did sign and acknowledge the deed as aforesaid."

Defendant *William Helm* appeared and demurred to the petition, because it appears —

"First, That the plaintiff herein has no legal capacity to sue as sole plaintiff, she being a married woman, and the claim not having accrued upon or out of her own personal estate, separate and apart from the property of her husband.

"Second, That there is a defect of parties plaintiff, the said Samantha being a married woman, and her husband not being joined with her as plaintiff.

"Third, That the petition does not state facts sufficient to constitute a cause of action."

The district court at the December Term 1872 sustained the demurrer, and the plaintiff brings the case here on error.

*Keller & Snyder*, for plaintiff in error:

A married woman, in her own name and in her own right, is prosecuting this suit to set aside a conveyance made and procured by her husband to defraud her, and to prevent her from enforcing a demand against her husband for maintenance. We contend that in such case a court of chancery will permit a married woman to prosecute an action in her own name, and when, as in this case, such proceedings are necessary for the end of justice, and there is no question as to fraud and duress. 1 Bl. Com., 131; 1 Parsons Cont., 319; 3 N. H., 508; 6 Mass., 511. The question is, whether a wife, who joins in such a conveyance, made without any consideration,

and under duress, and to defraud her, is thereby estopped, and incapable of exercising the right to claim her rights against a purchaser who was a party to the fraud. We contend not. 5 Ohio St., 72.

The opinion of the court was delivered by

KINGMAN, C. J.: This cause came up from a decision of the district court sustaining a demurrer to the petition of plaintiff in error. It appears from the petition that plaintiff in error and the defendant James M. Helm were married on the 15th of April 1871; that James M. Helm was then the owner of eighty acres of land, upon which the husband and wife resided, and which was their homestead. On the 17th of June thereafter, and while they were residing on said land as their homestead, the land was conveyed to William Helm for the consideration of nine hundred dollars by deed signed by husband and wife; and two days thereafter the husband abandoned his wife. She seeks to have the deed set aside on two grounds. One is, that her signature was procured by the false representations of the defendants that her husband had purchased other lands in Shawnee county for a home; the other is, that her signature was procured by the threats and menaces of the defendants, they threatening her life unless she would sign the deed, and in apprehension of great danger if she did not sign the deed, she did sign it. The relief sought certainly could not be granted because the husband made representations that were false to induce his wife to sign the deed. If she relied on them, it was at her peril alone.

The second ground we think is sufficient to authorize the relief asked. Our homestead provision is peculiar. The homestead cannot be alienated without the joint consent of the husband and wife. The wife's interest is an existing one. The occupation and enjoyment of the estate is secured to her against any act of her husband or of creditors without her consent. If her husband abandons her, that use remains to her and the family. With or without her husband, the law has set this property apart as her home. It may be difficult

to define the estate, but it is one nevertheless.   It is not like dower.   Dower is only a possible estate, an inchoate interest that, depending on uncertain events, the wife may never enjoy.   That the wife's right under our homestead laws is an existing interest, probably none will deny.   She then having been compelled to sign away the interest by duress has a right to come into court and have that act declared null and void, so that her rights shall not be lost by the illegal conduct of those who attempted to profit by their violence.   When her signature is declared void, the law comes in and disposes of the deed made by her husband without her consent. (Sec. 1, page 473, Gen. Stat.)   If the wife could not maintain this action, then an estate, to the immediate enjoyment of which she is entitled, and which might finally become hers absolutely, might be wholly lost.   For the record shows that she has parted with her estate.   It may well be questioned whether an innocent purchaser would not hold the land against her who had stood silent while he purchased for a full consideration the land which the record showed belonged to William Helm.   Having then an estate in the land, with a right to immediate enjoyment, and her signature procured by threats being not that consent that the law requires for the transmission of the homestead, it seems to us that the demurrer ought not to have been sustained.

The judgment of the district court is reversed, with directions to overrule the demurrer and for further proceedings.

All the Justices concurring.