RICHARD COUGHLIN, *et al.*, v. MARY J. COUGHLIN.

LEASE OF HOMESTEAD, *Without Consent of Wife.* The husband cannot, without the consent of the wife, execute a lease of a homestead, and give possession thereof to a tenant, although the title to the premises is in his own name, when the lease interferes with the possession and enjoyment of the premises by the wife as a homestead.

*Error from Cloud District Court.*

AUGUST 16, 1880, by an agreement in writing between Richard Coughlin and D. J. Smith, the former, without the consent of his wife, Mary J. Coughlin, and against her will, leased to the latter for a term of five years from March 1, 1881, and at a yearly rental of $360, his two farms situate in Cloud county, one thereof being then occupied by him as his homestead. Under this agreement Smith obtained partial possession of the homestead. The wife brought an action against her husband and Smith to oust the latter and prevent his possession and enjoyment of said premises, and to set aside the lease. At the April Term, 1881, of the district court, it was by the court ordered and decreed that the preliminary injunction heretofore issued by the probate judge of Cloud county be continued till the final hearing of this action, and that the defendants, their attorneys and agents, servants and all acting under them, be restrained from interfering with the plaintiff in her occupancy and enjoyment of the dwelling house situated on the northeast quarter of section thirty-five, south, of range three, west, in Cloud county, Kan-

sas, and that the plaintiff give bond, etc. To this decision and decree the defendants excepted, and have brought the case here.

*L. J. Crans*, for plaintiffs in error.

*F. W. Sturges*, and *B. R. Anderson*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The question presented for our consideration is, whether the husband may, without the consent of his wife, execute a lease of a homestead, the title of which is in his own name, and give possession thereof to a tenant, when the lease interferes with the possession and enjoyment of the premises by the wife as a homestead. Sec. 9 of art. 15 of the constitution of the state ordains : "That a homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon : *Provided*, The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by consent of both husband and wife." Sec. 1 of ch. 38, Comp. Laws of 1879, is identical with this provision of the state, constitution. These provisions of our constitution and statute have already been decided to be entitled to a liberal interpretation, so as to accomplish their object and carry out their spirit. Thus, no incumbrance, or lien, or interest, can ever attach to or affect the homestead, except the one specifically mentioned in the constitution. No alienation of the homestead by the husband alone, in whatever way it may be effected, is of any validity. Nothing that he alone can do, or suffer to be done, can cast the slightest cloud upon

the title of the homestead. It remains absolutely free from all liens and incumbrances, except those mentioned in the constitution. (*Morris v. Ward*, 5 Kas. 239.) Again, money resulting from the proceeds of a forced sale of a homestead has been held exempt from execution, when the money is to be used in purchasing another homestead, or to redeem the homestead from sale. (*Mitchell v. Milhoan*, 11 Kas. 617.) It has also been held under the provisions of our constitution, that the wife's interest in a homestead is an existing one; that the occupation and enjoyment of the estate are secured to her against any act of her husband without her consent. If her husband abandons her, the use thereof remains to her and the family. With or without her husband, the law has set this property apart as her home. It may be difficult to define the estate, but it is one, nevertheless. (*Helm v. Helm*, 11 Kas. 19.) Now, as it is conceded that the husband cannot sell, mortgage or incumber the homestead without the consent of the wife, and as it is conceded she has a certain estate therein, clearly the husband cannot deprive the wife of such estate and of her possession, by a lease to which she refuses to give her assent. If he may do so for a period of five years, as attempted in this case, he may continue to lease the premises for a longer and even for an indefinite period. If we acknowledge the authority of the husband to lease the homestead without the consent of the wife, her interest and estate are not secured to her against the acts of her husband, and she may be deprived of the homestead without her consent. "The homestead was not intended for the play and sport of capricious husbands merely, nor can it be made liable for his weaknesses or misfortunes. It was not established for the benefit of the husband alone, but for the benefit of the family and of society — to protect the family from destitution, and society from the danger of her citizens becoming paupers." (*Morris v. Ward*, supra.)

Again, the constitution and the statute inhibit the alienation of the homestead without the joint consent of husband and wife. Now alienation is an act whereby one person

transfers the property and possession of lands, tenements or other things to another. It is commonly applied to lands or tenements as "to alien" (that is, convey) land in fee, in mortmain, (see Co. Litt. 118*b*,) but it has been held that under a prohibition to alienate, long leases are comprehended. (2 Dow's Rep. 210.) As the execution of a lease to real estate and the transfer of possession thereunder is a species of conveyance, a liberal construction forbids such disposition and transfer of a homestead without the joint consent of husband and wife. We are of the opinion, therefore, under a fair construction of the provisions of our constitution and statutes, that whenever the lease of a homestead, although the title thereto is held by the husband, attempts to interfere with the use and occupancy of the homestead, that the assent of the wife is necessary to the validity of such lease or transfer. Without her consent thereto, the lease is void, and the party claiming thereunder acquires no right of possession or any estate in the homestead.

It is not necessary to comment upon the failure of the defendant in error to introduce evidence in the court below. It is clearly apparent from the affidavits presented by the plaintiffs in error, that the husband attempted to lease and dispose of the homestead for the period of five years, without the consent of his wife; and upon this showing, the order of the district court restraining the husband and the claimant under the lease, from interfering with the wife in the use, occupation and enjoyment of the dwelling house situated on the homestead, was properly granted. Had the order been broader in its scope, it would be fully justified upon the facts of the case.

The order and judgment of the district court will therefore be affirmed.

All the Justices concurring.