JOHN STEFFINS *et al.* v. M. W. STEWART *et al.*

TAXES—*Enjoining Collection—Rights of Wife.* A wife has no such interest in the lands of her husband, other than the homestead, as will support an action by her alone, in her own name, to enjoin the collection of special taxes assessed against such lands.

*Error from Wyandotte Court of Common Pleas.*

ACTION by *Catherine Stewart* and others against *John Steffins* and others to restrain the collection of a special road tax. Judgment for plaintiffs, and defendants bring error.

*Cubbison & Cobb,* and *Scroggs & McFadden,* for plaintiffs in error:

The plaintiffs allege that the court below erred in excluding the evidence offered by the plaintiffs in error, and allege

as a reason therefor that said evidence would have shown that defendant in error Catherine Stewart was the wife of one Martin Stewart, who was the plaintiff in error in the case decided by this court upon a rehearing, and reported in 45 Kas. 708, and it would have disclosed the fact that the tax, the collection of which is sought to be restrained in this action, is identical with that, and that the land affected by said tax is identical with that in the above case, and it would have shown that said defendant in error was *then* the wife of said Martin Stewart, and was at the time of the trial of the case above referred to. This being so, we insist that said defendant in error was concluded by the decision above referred to, and that the evidence should have been admitted and the injunction denied.

We are aware of the fact that this court has, in a number of decisions, gone to a considerable length in defining the rights of married women in the state of Kansas; and with those decisions we have no fault to find, but we do not believe it was ever the intention of this court to give to them the effect contended for by plaintiff below. In the case of *Overman v. Hathaway*, 29 Kas. 437, the court, after defining the wife's inchoate right in the estate of her husband, says that, inasmuch as she encouraged the purchaser to buy, and had knowledge of all the facts, equity would compel a conveyance of her inchoate right. In the case of *Busenbark v. Busenbark*, 33 Kas. 572, the husband had colluded with a third party, and had, for the purpose of defrauding the wife out of her inchoate right in his property, allowed judgment to be taken against him, and execution to be levied thereunder upon his real estate. The court restrained the sale, and vacated the judgment upon the ground of fraud, and held that the wife could maintain the action during the lifetime of her husband. There is no scintilla of fraud upon the part of the husband or anyone else claimed or proved in this case. The case of *Munger v. Baldridge*, 41 Kas. 236, simply settles the right and power of a married woman to make and execute to her husband a valid power of attorney authorizing him to convey

her rights in real property as her attorney in fact. The case of *Mosteller v. Gorrell*, 41 Kas. 392, we think has no application, except so far as it affirms *Busenbark v. Busenbark*, supra, on the question of attempted fraud upon the part of the husband. To the same effect is the case of *C. K. & W. Rld. Co. v. Anderson*, 42 Kas. 301. The above were all the authorities of this state relied upon by the court below in sustaining the objection of plaintiff below to the introduction of said testimony, thereby holding that the wife was not concluded by the action of the court in the case of *Stewart v. Comm'rs of Wyandotte County*, 45 Kas. 708.

Will the court extend the effect of these decisions to the imposition and collection of taxes, where no fraud is alleged, and especially to a case like the one at bar, where the husband was not only willing but actually did prosecute his action (the land title standing in his name) for the purpose of restraining the collection of this identical tax, assessed upon this identical land, and in which case the court in unmistakable terms denied him the relief prayed for?

We insist that, when the question of the legality of the assessment and the right of the party to the relief against it, as prayed for in *Stewart v. Comm'rs of Wyandotte County*, 45 Kas. 708, has been before the court of last resort, and has been fully investigated and a decision rendered, that decision should be conclusive, not only against the party, but all and singular his privies in estate, and the testimony should have been admitted, and the injunction denied.

*Hutchings, Keplinger & Miller*, for defendants in error:

This court has repeatedly held that the proceedings for the improvement of this particular road were irregular, fraudulent, and void. *Barker v. Comm'rs of Wyandotte County*, 45 Kas. 681; *Comm'rs of Wyandotte County v. Barker*, 45 id. 699; *Comm'rs of Wyandotte County v. Arnold*, 49 id. 279; *Comm'rs of Wyandotte County v. Browne*, 49 id. 291. Also, that the act under which the improvement was attempted, and by authority of which the special taxes were levied, is uncon-

stitutional. *Comm'rs of Wyandotte County v. Arnold,* 49 Kas. 279.

The only question in this case is, whether the wife can maintain an action to prevent the sale for illegal taxes of land, the legal title to which is vested in the husband, but which was her homestead at the time that the proceedings for the levy of those taxes were inaugurated under an unconstitutional law. We contend that the question is foreclosed by former decisions of this court. See *Coughlin v. Coughlin,* 26 Kas. 116; *Overman v. Hathaway,* 29 id. 437; *Busenbark v. Busenbark,* 33 id. 577; *Munger v. Baldridge,* 41 id. 243; *Mosteller v. Gorrell,* 41 id. 394; *C. K. & W. Rld. Co. v. Anderson,* 42 id. 301.

An offer was made to prove that the plaintiff's husband had brought a suit to enjoin this tax, and that judgment had been rendered against him denying relief, upon the ground that he had signed the petition, and was, therefore, estopped. It was discovered and developed afterward, however, that this petition, after it was presented to the commissioners, was forged and altered. If this fact had been known at the time the case of *Stewart v. Comm'rs of Wyandotte County,* 45 Kas. 708, was tried, the decision in that case would have been different, as this court subsequently held that a party who signed the petition was not estopped, it being shown, among other things, that the petition was afterwards fraudulently altered. *Comm'rs of Wyandotte County v. Browne,* 49 Kas. 291.

The opinion of. the court was delivered by

ALLEN, J.: Although we have before us a very voluminous record, but a single question is presented for our consideration. Martin Stewart, who was the legal owner of certain lands adjacent to the road known as the "Quindaro boulevard," brought an action to restrain the collection of special taxes, levied to pay for improvements of that road. In that action he was defeated, and the judgment of the lower court, on the rehearing, was affirmed by this court. (*Stewart v. Comm'rs of Wyandotte County,* 45 Kas. 708.) After the final

disposition of that case, Catherine Stewart, wife of said Martin Stewart, brought this action, also for the purpose of restraining the collection of the identical taxes involved in the suit prosecuted by her husband. It is now claimed on her behalf, and the trial court held, that the adjudication in that action does not bind her, and that her inchoate interest in her husband's property is sufficient to enable her to contest the validity of the assessments against the property, wholly without regard to the result of the former suit. The plaintiff in error on the trial offered in evidence the files and records in the former case referred to, and also to prove that the plaintiff in that case was the husband of the plaintiff in this. An objection to this testimony was sustained by the court and the evidence excluded.

The question we are now called upon to decide is, whether Catherine Stewart has such interest in the lands of her husband as will enable her to maintain this action. The trial court found that the lands described in the petition ceased to be the homestead of the Stewarts on the 5th day of January, 1888; and as the taxes were not levied or placed on the tax roll until thereafter, and would not become a lien on the property until the first of November, 1888, there appears to be no question of homestead right involved in the case. We think the fact that the petition was circulated and preliminary proceedings for the road improvement were had prior to the time of the abandonment of the land as a homestead by Martin Stewart and his wife does not affect the case, and that the rights of Mrs. Stewart are such only as a wife has in the lands of her husband not included in the homestead.

Counsel for defendants in error argue that the former decisions of this court maintain the doctrine that in this state the wife has an existing interest in the lands of her husband which she may protect by suits in court, without reference to the action of her husband in respect thereto. In the case of *Helm v. Helm*, 11 Kas. 19, it was held:

"Where the wife was compelled to sign a deed for the conveyance of the homestead by threats of her husband and the

purchaser to take her life if she refused: *Held*, That a signature procured in that manner is not such a consent to part with the homestead as the law requires, and that the wife may bring suit at once to have such signature declared void."

In *Coughlin v. Coughlin*, 26 Kas. 116, it was held:

"The husband cannot, without the consent of the wife, execute a lease of a homestead, and give possession thereof to a tenant, although the title to the premises is in his own name, when the lease interferes with the possession and enjoyment of the premises by the wife as a homestead."

These cases, especially the latter, are based mainly on the peculiarity of the law with reference to homesteads, though it might be that the case of *Helm v. Helm*, supra, would be followed in an action to set aside any deed to which the wife's signature was obtained by duress, so far as it affected her inchoate interest. The case of *Busenbark v. Busenbark*, 33 Kas. 572, which is the strongest one cited by the defendants in error, holds:

"While the wife's right and interest in the real estate of her husband, not occupied by the family as a homestead, is inchoate and uncertain, yet it possesses the element of property to such a degree that she may maintain an action during the life of her husband to prevent its wrongful alienation or disposition under fraudulent judgments, procured and consented to by the husband, with the object and for the purpose of defeating the wife's right."

That was an action for a divorce, and to protect the wife's rights in the property of her husband. The court held that, under the circumstances of that case, the wife could, by action, protect herself against a fraudulent attempt on the part of her husband to dispose of his property to her injury. In *Munger v. Baldridge*, 41 Kas. 236, it was merely decided that a wife might appoint an attorney to convey her inchoate interest in her husband's real estate. In *C. K. & W. Rld. Co. v. Anderson*, 42 Kas. 297, it was held that husband and wife might join in an appeal from a condemnation of a part of the homestead for the right-of-way for a railroad. None of these

cases go to the limit it is necessary to reach in order to affirm this judgment.

If a wife may maintain this action after her husband has litigated to the fullest possible extent the validity of this tax against his lands, it follows, as a necessary consequence, that no judgment with reference to the title to lands or with reference to any lien thereon, rendered in an action to which the husband alone was a party, is binding on the wife; and all the long list of such cases which have been finally determined by the courts, and which have been understood by bench and bar alike to be final determinations of the rights involved, may be again brought up and tried *de novo* by the wife, as though there had been no former trial. There are many ways in which the rights of the wife to any interest, present or future, in the lands of her husband may be cut off without her assent. She is in nowise a party to an ordinary tax proceeding. A mere failure on the part of the husband to pay the public charge imposed on his land may result in the loss to him, and to his wife as well, of the land. So a levy and sale under judicial process of any realty other than the homestead defeats her inchoate interest. Even a homestead is not exempt from sale for taxes, for the payment of obligations contracted for the purchase of the premises, or for the erection of improvements thereon, and, where the legal title is in the husband, he alone may create such incumbrances.

The improvement in this case of the Quindaro road along the Stewart land was in the nature of an improvement on the land itself. In fact, the ultimate title to one-half the road, it being outside the limits of any city, was in Martin Stewart, subject only to the easement of the public. The theory on which all special assessments for street improvements in cities are upheld is, that they are a special benefit to the property taxed, and in the nature of an improvement to such property. See *Gilmore v. Hentig*, 33 Kas. 156, and cases there cited.

In the case of *Stewart v. Comm'rs of Wyandotte County*, supra, it appeared that Stewart had taken an active part in

causing the improvement of the road to be made, and that he was therefore estopped from contesting the validity of the proceedings he had himself invoked. This case has no similarity to that of *Busenbark v. Busenbark,* supra, nor are the principles involved similar. Martin Stewart, in circulating the petition and asking for the improvement of the Quindaro road, sought to benefit, and doubtless did materially benefit, his estate. He then, by the action he brought against the board of commissioners, sought to be relieved of the payment of his share of the cost of such improvement. In so doing, he acted not adversely to the interest of his wife, but to relieve himself of a burden, and increase the value of his estate. We see no reason why his wife was either a necessary or a proper party in that case; and certainly it would be a most surprisingly unfortunate state of affairs if all litigation in reference to lands, when not carried on by husband and wife jointly, is liable to be duplicated after its final determination by the one not a party to it.

We think the reasoning in the cases of *Overman v. Hathaway,* 29 Kas. 434, and *Mosteller v. Gorrell,* 41 id. 392, opposed to, rather than sustaining, the position of the defendants in error.

As the facts found by the trial court show that Catherine Stewart had no right to maintain this action, the judgment will be reversed, with the direction to enter judgment on the findings of the court in favor of the defendants as to her.

All the Justices concurring.