No. 20,241.

FRANK O. HAMM, *Appellee*, v. JENNIE HAMM, *Appellant*.

SYLLABUS BY THE COURT.

DIVORCE AND ALIMONY—*Wife Awarded Homestead—Lien of Husband for $700 thereon Valid.* The plaintiff was granted a divorce from his wife. The homestead of the parties was awarded to the wife, subject, however, to a lien in favor of the plaintiff for $700. The lien not having been satisfied within the time prescribed, an order was issued for the sale of the property. *Held*, the sale should not be enjoined on the ground the court had no power to disturb the homestead rights of the defendant existing before and after the divorce.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed June 10, 1916. Affirmed.

*John C. Waters*, and *Joseph G. Waters*, both of Topeka, for the appellant.

*John W. Newell*, and *William Wallace*, both of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: This appeal presents in new form an old question relating to the power of the district court over the homestead of parties to a decree of divorce when awarding alimony.

The plaintiff was granted a divorce from his wife, the defendant. The abstract states that the title to their homestead was in the plaintiff. The homestead was awarded to the defendant, subject, however, to a lien in favor of the plaintiff for $700. The lien not having been discharged within the time limited, an order was issued for the sale of the property. The appeal is from this order, the contention being that the court had no power to disturb the defendant's homestead rights, existing before the divorce and continuing afterward, because of the terms of the homestead provision of the constitution. (Art. 15, § 9.)

The substance of the defendant's contention was presented to this court in the case of *Brandon v. Brandon*, 14 Kan. 342. In that case the wife was granted a divorce and was awarded the homestead, the title to which was in the husband. He

claimed the court had no power to make an adjudication of
property rights which would compel him to surrender his
homestead. The contention was declared to be unsound and
is unsound for reasons stated in the opinion. The principle
involved, which is that in awarding alimony and in adjudicat-
ing property rights in a divorce case the district court may
deal with the homestead as with other property, was approved
and applied in the case of *Blankenship v. Blankenship,* 19 Kan.
159. In that case the husband, having title to the homestead,
was granted a divorce. Alimony awarded the wife was made a
lien on the homestead. The homestead was sold to satisfy the
lien and the sale was confirmed.

It is said that under no circumstances could the husband be
awarded alimony and that the only discussion in the books
relates to awards to the wife for alimony and not to awards
to husbands. This is a play on words. The husband was not
awarded alimony and was not awarded anything else in the
sense in which alimony to a wife is awarded. The court evi-
dently thought the defendant should have the homestead, but
that the entire homestead property was too much for her. So
the award of the entire homestead was in effect reduced in
value by the sum of $700 to be paid to the husband and to be a
charge against the property in his favor.

The judgment of the district court is affirmed.