Raymond WEITZNER, Administrator of the Estate of Joe H. Weitzner, Deceased, Lillie Weitzner, Raymond Weitzner, and Virginia Raider, Appellants,

v.

UNITED STATES of America, Appellee.

No. 19248.

United States Court of Appeals Fifth Circuit.

Oct. 17, 1962.

Rehearing Denied Nov. 19, 1962.

Aaron M. Kanner, Richard Kanner, Miami, Fla., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, John B. Jones, Jr., Acting Asst. Atty. Gen., John J. Gobel, A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for appellee.

Before RIVES, JONES, and GEWIN, Circuit Judges.

JONES, Circuit Judge.

Before considering the merits of this appeal we dispose of the motion of the appellants to certify the case to the Supreme Court of Florida under Florida Statutes § 25.031, F.S.A. and Florida Appellate Rule No. 4.61, 31 F.S.A. This motion was carried with the case. It is denied.

The facts are stipulated. By the stipulation it is shown that, on December 12, 1946, Joe H. Weitzner purchased a parcel of land in Dade County, Florida, upon which a dwelling had been erected. He and his wife promptly occupied the property and resided upon it until his death on October 9, 1956. At the time of the purchase and at all times thereafter Weitzner and his wife were the parents of two grown children, neither of whom ever resided upon the property.

In January of 1954, federal income tax assessments were made against Joe H. Weitzner in the amount of $125,717.63 for tax deficiencies for 1942 and 1943. A tax lien notice was filed in the office of the Clerk of the Circuit Court of Dade County, Florida, on April 9, 1954. On August 17, 1956, Joe H. Weitzner, without joinder of his wife, executed a deed, without valuable consideration, purporting to convey the property to his wife. The United States brought suit to foreclose its tax lien. Joined as defendants were the widow of Joe H. Weitzner, his two children and the administrator of his estate. It was the contention of the defendants that, although exemptions do not generally preclude the United States from levying upon property for the satisfaction of tax liens, the Florida Constitution and statutes gave to the wife and children of Weitzner, at the time the property was acquired and occupied as homestead, a vested property interest and estate which is separate and apart from the title of the husband. This property interest, the widow and children contend, cannot be attached for obligations which they did not incur and for which they are not liable. The interest of the husband in the property they assert, was not such an interest as could be levied upon

and sold separate from the interests of widow and children. The district court held that Weitzner had full property rights in the homestead and the constitutional and statutory restrictions upon his power to convey and devise the homestead property did not prevent the tax lien from attaching nor prevent its foreclosure. The court's decree directed the foreclosure of the tax lien and the sale of the property. The widow, the children and the administrator have appealed.

Homestead in Florida is created and governed by the State Constitution [1] and Statutes.[2] There are, as clearly appears, two aspects of homestead in Florida,[3] the exemption from judicial sale and the transfer of title by conveyance, devise or descent. As Mertens has said, "It is well settled that state exemption laws do not protect property against federal tax liens * * * Nevertheless, there is a conflict in the cases as to whether a tax lien is valid upon a homestead interest. The resolution of this issue may depend upon whether there is involved a single interest of the taxpayer who is subject to tax liability, or whether both spouses have an interest while only one is under a tax liability." 9 Mertens Law

[1] "§ 1. Homestead defined; nature of exemption.

"Section 1: —A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. But no property shall be exempt from sale for taxes or assessments, or for the payment of obligations contracted for the purchase of said property, or for the erection or repair of improvements on the real estate exempted, or for house, field or other labor performed on the same. The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this Article.

"§ 2. Exemption to inure to widow and heirs.

"Section 2: —the exemptions provided for in section one shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section.

＊　　＊　　＊　　＊　　＊

"§ 4. Alienation of homestead.

"Section 4: —Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law." Fla. Const. Art. X., F.S.A.

[2] "Any property, real or personal, held by any title, legal or equitable, with or without actual seisin, may be devised or bequeathed by will; provided, however, that whenever a person who is head of a family, residing in this state and having a homestead therein, dies and leaves either a widow or lineal descendants or both surviving him, the homestead shall not be the subject of devise, but shall descend as otherwise provided in this law for the descent of homesteads." Fla. Stat.Ann. § 731.05.

"The homestead shall descend as other property; provided, however, that if the decedent is survived by a widow and lineal descendants, the widow shall take a life estate in the homestead, with vested remainder to the lineal descendants in being at the time of the death of the decedent." Fla.Stat.Ann. § 731.27.

"The homestead shall not be included in the property subject to dower but shall descend as otherwise provided by law for the descent of homesteads. * * * Whenever the decedent has died intestate leaving no lienal descendants and the widow has duly elected dower, all property of the decedent not included in the widow's dower shall descend to her subject to the debts of the decedent except that the homestead of the decedent shall descend to her with the exemptions provided by the constitution." Fla.Stat.Ann. § 731.34.

[3] We omit, as wholly inapplicable, any consideration of the homestead tax exemption in Florida. Fla.Const. Art. X, Section 7.

of Federal Income Taxation, Ch. 54, p. 102, § 54.52. If it is determined that a wife does not have, during the lifetime of her husband, a property right in a homestead where the title is in his name alone, we need proceed no further and the Government should prevail.

 It has long been settled that the homestead provisions of the Florida Constitution do not create property rights in the husband, wife or children. They are exemption provisions and these provisions inure to the widow and heirs if, by the laws of descent the homesteader's title is cast upon them. Hinson v. Booth, 39 Fla. 333, 22 So. 687; Johns v. Bowden, 68 Fla. 32, 66 So. 155; 1 Redfearn, Wills and Administration of Estates in Florida 416, § 232; 16 Fla.Jur. 273, Homesteads § 3. The Constitution restricts and the statute prohibits the testamentary disposition of homestead. The provisions for the descent of homestead are no more than they purport to be—provisions for the transfer of the homestead property from the homesteader-owner to those designated by the statute as entitled to inherit from him, and fixing the nature of the estates which the law casts upon them at his death. Such provisions neither diminish the character of the estate of the homesteader nor create any ownership interest in the wife. The requirement for the consent of the wife to the alienation of the homestead does not create or recognize a property interest in her.

The wife, in order to acquire the property, or interest in it, must survive her husband, the husband and wife relationship must exist at the time of his death, and the property must have been occupied at the time of his death by a family of which the husband was the head. The homestead was designed for the purpose of protecting the head of the family by securing to him a shelter for himself and the members of his family. Hill v. First National Bank, 79 Fla. 391, 84 So. 190, 20 A.L.R. 270. The rights of a wife to the benefit of this protection during her husband's lifetime are marital rights rather than property rights. As in the case of inchoate dower,[4] that which the wife has during her husband's lifetime with respect to homestead ownership is remote, uncertain and a mere expectancy or possibility and not a vested property right, interest or title. It follows that the tax liens of the United States were and are valid and enforceable against the property claimed as homestead. The judgment of the district court is

Affirmed.

---

4. See 11 Fla.Jur. 55, Dower § 21, and cases there cited.