**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Ralph G. HERSHBERGER et al., Defendants-Appellees.**

No. 72–1416.

United States Court of Appeals, Tenth Circuit.

March 13, 1973.

---

4. The respondent's reliance on Pitner v. United States, 388 F.2d 651 (5th Cir. 1967), appears to us to be misplaced.

William S. Estabrook, III, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen.; Meyer Rothwacks and Richard W. Perkins, Attorneys, Tax Div., Dept. of Justice), Washington D. C., for plaintiff-appellant.

Thomas A. Wood, Wichita, Kan., for defendants-appellees Hershberger.

Before HILL, McWILLIAMS and BARRETT, Circuit Judges.

HILL, Circuit Judge.

The United States of America appeals from a summary judgment dismissing its suit to foreclose federal tax liens against the interest of Ralph G. Hershberger in homestead property owned by him and his wife, Esther. The United States District Court for the District of Kansas, 338 F.Supp. 804, held that Esther's homestead exemption under the laws of the State of Kansas prevented the United States from enforcing its tax lien against the homestead property. We agree.

Ralph and Esther jointly own real property of less than one acre in the city of Wichita, Kansas, which they occupy as their residence. After the United States obtained judgment against Ralph on August 3, 1970, for $28,778.48 in unpaid taxes for the years 1946 through 1967, the government undertook to satisfy its tax lien by selling this homestead property. Esther asserted her ownership of the property and her occupancy of the property as a homestead, claiming that the property and her interest therein were not subject to foreclosure and sale. Esther declares she is entitled to the peaceable possession of the property so long as she occupies it as a homestead.

Appellant expounds three arguments in support of reversal. First, §§ 6321 and 7403 of the Internal Revenue Code allow the government to foreclose its tax lien on all real and personal property belonging to the delinquent taxpayer. Second, under Kansas law Esther Hershberger does. not have an undivided one-half interest in the homestead property, and therefore cannot object to the tax foreclosure sale. Finally, although state law is applied in determining the property interest, state law cannot operate to bar the enforcement of federal tax liens.

The government first argues that federal law authorizes tax liens and tax foreclosure sales. Appellant contends that 26 U.S.C. § 6321 [1] allows the government a lien on all real and personal property. Once this lien is established,

---

I. 26 U.S.C. § 6321 Lien for taxes. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 7403 [2] authorizes a sale of the property to satisfy the delinquent taxpayer's debt:

■ We agree that § 6321 imposes a lien upon delinquent taxpayer's real and personal property, but it does not necessarily follow that § 7403 requires the courts to satisfy this lien via a tax foreclosure sale. Section 7403(c) states in part that courts "may decree a sale of such property." As the court emphasized in United States v. Boyd, 246 F.2d 477 (5th Cir. 1957), cert. denied, 355 U. S. 889, 78 S.Ct. 261, 2 L.Ed.2d 188, it is up to the courts to decide whether to foreclose a tax lien:

> Indeed, broader language could hardly be suggested since the Court, Section 7403(c), is required to " . . . proceed to adjudicate *all* matters involved therein and finally determine the merits of all claims to and liens upon the property. . . ." As though this were not enough, Congress, presumably conscious of the purpose of the change, amended the Act, 49 Stat. 1648, Sec. 802, to substitute the word "may" for "shall" in the

predecessor to Section 7403, so that it now reads ". . . in all cases where a claim or interest of the United States therein is established, [the Court] *may* decree a sale of such property . . . and a distribution of the proceeds. . . ."

Emphasized another way, when the matter is before the court, Congress intends the court to exercise equitable powers in rendering its decision. United States v. Morrison, 247 F.2d 285 (5th Cir. 1957); United States v. Boyd, *supra*. Having determined that § 7403 does not compel us to automatically decree a foreclosure sale, we must turn to Kansas law to determine what property rights Esther has in the homestead property.

It is appellant's contention that Esther does not enjoy a vested property right in the homestead property, and therefore cannot object to the tax foreclosure sale. To determine whether Kansas grants the wife an undivided one-half interest in homestead property, we must look to the laws of that state. The Kansas Constitution, Article 15, § 9,[3] allows a homestead of one acre with-

2. 26 U.S.C. § 7403 Action to enforce lien or to subject property to payment of tax.

(a) Filing.—In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary or his delegate, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title or interest, to the payment of such tax or liability.

(b) Parties.—All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.

(c) Adjudication and Decree.—The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the

United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interest of the parties and of the United States.

3. Constitution of the State of Kansas, Article 15, section 9. Homestead exemption. A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon. *Provided*, the provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife. . . .

in the city limits if occupied as a family residence. The property shall not be alienated without husband's and wife's joint consent. Kansas Statutes Annotated § 60–2301 (1964) is essentially a reiteration of Article 15, § 9.

◼ Kansas case law sheds light on what rights are granted under the homestead law. As emphasized in Helm v. Helm, 11 Kan. 19 (1873), the wife has an existing estate in the homestead. She therefore has a right to immediate enjoyment in the homestead property. Another case supporting this conclusion is State ex rel. v. Mitchell, 194 Kan. 463, 399 P.2d 556, 558 (1965):

> It suffices to say that Kansas has zealously protected the family rights in homestead property by liberally construing the homestead provision in order to safeguard its humanitarian and soundly social and economic purposes; and nothing less than the free consent of the resident owner of the homestead, and joint consent of husband and wife where the relation exists, will suffice to alienate the homestead, except under the specified exceptions provided in the constitution.

A case analyzing the purpose behind adopting the homestead provision in the Kansas Constitution is West v. Grove, 139 Kan. 361, 31 P.2d 10 (1934):

> . . . the manner and form in which the proposition was submitted to the electorate, warrants the conclusion that, although the provision itself uses the word "exempt," it was intended to create and more was created than a simple exemption statute. The manner in which the homestead may be alienated is expressly stated, as are the circumstances against which the homestead right shall not prevail. It has been the settled course of the decisions of this court to construe liberally the homestead provision and not to restrict it.

4. For a more thorough analysis into the purpose behind adopting the homestead provision in the Kansas Constitution, see

Accord: Iowa Mutual Ins. Co. v. Parr, 189 Kan. 475, 370 P.2d 400 (1962).[4]

◼ The government nevertheless argues the Kansas Homestead Law does not provide Esther with a vested, undivided one-half interest in the property. The government insists there can be no vested property right in the wife because a court can divest either spouse of his or her homestead right in a divorce action. Supporting this argument the government cites Hamm v. Hamm, 98 Kan. 360, 158 P. 22 (1916). In Hamm the husband was granted a divorce from his wife. The wife was awarded the homestead subject to a lien in favor of the husband for $700. When the lien was not satisfied within the time prescribed, the court ordered the homestead property sold. We are convinced, however, that allowing one spouse to take the homestead property in a divorce action is not intended by Kansas law to imply the homestead prior to divorce was not a vested property right. As stated in Brandon v. Brandon, 14 Kan. 342 (1875):

> The homestead of the plaintiff is not given to a stranger, destitute of all interests and rights therein, but the homestead of the husband and wife (for it is equally the homestead of each) is, upon their separation, assigned to one of them. There would be manifest impropriety in attempting to continue it as the homestead of each after the divorce; and in awarding it to the wife the court is but choosing between conflicting interests.

◼◼ The next argument proffered by the government is that Esther cannot possess an undivided one-half interest because a homestead in Kansas may be sold to pay delinquent taxes. Constitution of the State of Kansas, Article 15, § 9; K.S.A. § 60–2301 (1964). Apparently there is little Kansas case law on this subject. The Kansas Supreme Court

West v. Grove, 139 Kan. 361, 31 P.2d 10, at 11–12 (1934).

has emphasized that homestead property will be subject to tax foreclosure if the taxpayer fails to pay his taxes on the homestead property. In Re Estate of Dahn, 204 Kan. 535, 464 P.2d 238 (1970). There appears to be no case law, however, answering the question of whether a homestead can be sold to pay taxes not directly related to the homestead property. When the state law appears to be unsettled, the Court of Appeals will give great weight and credence to the federal district court's interpretation. Binkley v. Manufacturers Life Ins. Co., 471 F.2d 889 (10th Cir. 1973); Sta-Rite Indus. Inc. v. Johnson, 453 F.2d 1192 (10th Cir. 1971), cert. denied, 406 U.S. 958, 92 S.Ct. 2062, 32 L.Ed.2d 344; Sutton v. Anderson, Clayton & Co., 448 F.2d 293 (10th Cir. 1971); Traders State Bank v. Continental Ins. Co., 448 F.2d 280 (10th Cir. 1971); Brennan v. Univ. of Kansas, 451 F.2d 1287 (10th Cir. 1971). The trial court in the instant case stated:

> The taxes covered by the Kansas exception must relate only to taxes arising against the property involved. At the time the term was used in the Kansas Constitution there was no such thing as income, sales, etc. type of tax by the Federal Government or the State Government. Not only that, but in addition, the tax on the homestead property was not severable against any individual homesteader.

United States v. Hershberger, 338 F. Supp. 804, 808 (D.C.Kan.1972). Unquestionably the wife's interest in the property is not subject to alienation without her consent, subject to several exceptions. Besides the tax exception, homestead property is not exempt from the payment of obligations contracted for the purchase of said premises, for the erection of improvements thereon, or for a lien given by the consent of both husband and wife. Upon analyzing the reasons for the provision granting property as a homestead, it can be determined that exceptions in the homestead law are the result of unjust enrichment to the homesteaders or voluntary alienation by the homesteaders. Logically, this philosophy would carry over into payment of taxes. Only when the homestead property does not pay its share for state protection should the court hold the homesteaders to have waived their right to constitutional protection. Otherwise the homestead law's intent, as expounded in Morris v. Ward, 5 Kan. 239, 244 (1869), would not be effected:

> It [the homestead] was not established for the benefit of the husband alone, but for the benefit of the family and of society—to protect the family from destitution, and society from the danger of her citizens becoming paupers.

■■ Appellant's final argument is that although state law is applied in determining the property interest, state law cannot operate to bar the enforcement of federal tax liens. United States v. Kocher, 468 F.2d 503 (2d Cir. 1972); United States v. Overman, 424 F.2d 1142 (9th Cir. 1970); In Re Ackerman, 424 F.2d 1148 (9th Cir. 1970); United States v. Trilling, 328 F.2d 699 (7th Cir. 1964); United States v. Heffron, 158 F.2d 657 (9th Cir. 1947), cert. denied, 331 U.S. 831, 67 S.Ct. 1510, 91 L.Ed. 1845. We do not disagree with the rule stated in the above cases; our disagreement arises in the application of the rule. As the Supreme Court emphasized in Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960):

> [B]oth federal and state courts must look to state law [in determining to what extent the taxpayer had "property" or "rights to property" to which the tax lien could attach] for it has long been the rule that "in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property . . . sought to be reached by the statute."
>
> . . . However, once the tax lien has attached to the taxpayer's state-created interests, we enter the province of federal law, which we have

consistently held determines the priority of competing liens asserted against the taxpayer's "property" or "rights to property."

Although Aquilino dealt solely with claims of competing lienors, the rule of law therein expounded applies to our case. We have two competing claims, one by the federal government for delinquent income taxes and one by Esther for peaceful possession of the property so long as she occupies it as a homestead. Although there is an apparent conflict of authority as to whether a federal tax lien is valid upon a homestead interest, we believe resolution of the issue turns upon the nature of the interest created by state homestead laws. Homestead laws not creating a present property interest but rather conferring privileges and exemptions are subordinate to the federal tax liens. Shaw v. United States, 331 F.2d 493 (9th Cir. 1964); Weitzner v. United States, 309 F.2d 45 (5th Cir. 1962), cert. denied, 372 U.S. 913, 83 S.Ct. 727, 9 L.Ed.2d 720. But when the homestead laws expressly provide for a present property interest and confer more than merely an exemption, such as is found under Kansas law, the homestead interest is good against the federal tax lien. As our court emphasized in Jones v. Kemp, 144 F.2d 478 (10th Cir. 1944): "A wife is granted an indivisible and vested interest in homestead property, and one which cannot be subjected to levy and sale for the satisfaction of the Federal tax liability of her husband." *See also* 9 Mertens Law of Federal Income Taxation, Ch. 54, at 205–207, § 54.52 (1971).

■ Appellee owned an undivided one-half interest in the property. This interest was separate and apart from her husband and therefore precluded the homestead from being part of the husband's estate. The undivided one-half interest is immune from seizure and sale by the government. Carter v. United States ex rel. D. I. R., 399 F.2d 340 (5th Cir. 1968). Because Esther's homestead interest is indivisible and extends to every part of the property, she is entitled to use it as a home as long as she meets the requirements of the Kansas homestead law. While Esther is living on the property, the government may not enforce its tax lien against the homestead. Morgan v. Moynahan, 86 F.Supp. 522 (S.D.Tex.1949).

Affirmed.