Iris C. TILLERY, Plaintiff–Appellee,

v.

Charles PARKS, District Director of Internal Revenue Service, and The United States of America, by and through John E. Green, Defendants–Appellants.

No. 78–1915.

United States Court of Appeals, Tenth Circuit.

Argued July 11, 1980.

Decided Sept. 9, 1980.

Rehearing Denied Oct. 28, 1980.

---

Joan I. Oppenheimer, Atty., Tax Division, Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Crombie J. D. Garrett, Attys., Tax Division, Dept. of Justice, Washington, D. C., with her on brief; Larry D. Patton, U. S. Atty., Oklahoma City, Okl., of counsel), for defendants–appellants.

Riley Brock, Oklahoma City, Okl., for plaintiff–appellee.

Before McWILLIAMS, McKAY and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

Plaintiff and her husband own their Oklahoma homestead as joint tenants. The husband defaulted in his obligation to pay $29,759.45 in withholding taxes as the responsible officer of two corporations. The Internal Revenue Service filed federal tax liens for the unpaid taxes against all of the husband's property, including his interest in the homestead.

Plaintiff brought this action to quiet title to the homestead. The district court granted relief on the authority of our decision in *United States v. Hershberger*, 475 F.2d 677 (10th Cir. 1973), and ordered the tax liens discharged as against the homestead property. The narrow issue raised by the Government's appeal is whether federal tax liens arising solely through the tax liability of one spouse may attach to his interest in the homestead of both spouses in Oklahoma. We hold they may.

The Internal Revenue Code of 1954, as amended, provides that the amount of a delinquent taxpayer's liability "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. State law determines whether the taxpayer has "property" or "rights to property" to which the tax lien may attach. *Aquilino v. United States*, 363 U.S. 509, 513, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960). *See In re Carlson*, 580 F.2d 1365, 1368–69 (10th Cir. 1978).

The taxpayer here, plaintiff's husband, owns an undivided half interest in the property. *See Clovis v. Clovis*, 460 P.2d 878, 881–82 (Okl.1969); Reynolds, *Co-ownership of Property in Oklahoma*, 27 Okla.L.Rev. 585 (1974). Due to the homestead nature of this property, Oklahoma law places certain restrictions upon the joint owners and their creditors for the protection of the family.[1]

---

1. *See*, in pertinent part:
   Okl.Const. art. 12:
   "§ 1. Extent and value of homestead . . .
   "The homestead within any city, town, or village, owned and occupied as a residence only, shall consist of not exceeding one acre of land, to be selected by the owner: Provided, That the same shall not exceed in value the sum of five thousand dollars, and in no event shall the homestead be reduced to less

Nevertheless, these constitutional and statutory restrictions do not negate the proprietary interest of the taxpayer. As the Ninth Circuit has recognized, "all that section 6321 requires is that the interest be 'property' or 'rights to property.' It is of no statutory moment how extensive may be those rights under state law, or what restrictions exist on the enjoyment of those rights." *United States v. Overman*, 424 F.2d 1142, 1145 (9th Cir. 1970).

Plaintiff contends, however, that our decisions in *United States v. Hershberger*, 475 F.2d 677 (10th Cir. 1973), and *Jones v. Kemp*, 144 F.2d 478 (10th Cir. 1944), govern the instant case and preclude the attachment of a federal tax lien on homestead property. *Hershberger* was an action brought by the United States to foreclose on the Kansas homestead of a husband and wife to satisfy the unpaid tax liability of the husband. We refused to order sale of the property, holding that "[w]hile [the wife] is living on the property, the government may not enforce its tax lien against the homestead." 475 F.2d at 682. Previously in *Jones* we said that "a wife is granted an indivisible and vested interest in homestead property, and one which cannot be subjected to levy and sale for the satisfaction of the Federal tax liability of her husband." 144 F.2d at 480. We went on to hold, however, that the husband's property was not exempt from sale because the common–law marriage purporting to create the homestead right failed to ripen into a legal marriage under Oklahoma law. In neither *Hershberger* nor *Jones* was the propriety of *attaching* a lien to the husband's interest in homestead property at issue. Those cases dealt solely with foreclosure.

■ In holding for plaintiffs here, the district court erred by not drawing a distinction between the attachment of a federal tax lien pursuant to section 6321 and its enforcement in a foreclosure action pursuant to 26 U.S.C. § 7403. Congress has provided that in a foreclosure action brought under section 7403, a court *may* decree a sale of any property subject to a tax lien.[2] Consequently, we held in *Hershberger* that a court has equitable discretion to decide whether to order foreclosure. But no such discretion lies under section 6321. It provides that a lien *shall* attach to all the property of a delinquent taxpayer. Thus, the inquiry ends once it is determined that the husband has a property interest, of whatever extent, in the homestead.

Indeed, *Hershberger* itself recognized the validity of the lien as against the husband's interest in his Kansas homestead property. There, we said "§ 6321 imposes a lien upon delinquent taxpayer's real and personal

than one–quarter of an acre, without regard to value . . . ."
"§ 2. Exemption from forced sale—Consent of spouse to sale—Mortgages
"The homestead of the family shall be, and *is hereby protected from forced sale for the* payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; Provided, Nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."
31 Okl.Stat.Ann. (Supp.1979–1980):
"§ 1. Property reserved to heads of families—Exemption from attachment, execution or other forced sale

"The following property shall be reserved to every person owning a home and residing therein or to the head of every family residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts except as herein provided.
"1. The home of such person or head of family. The homestead of the family shall consist of the home of the family whether the title to the same be lodged in or owned by the husband or wife."

2. Section 7403 gives the Government authority to bring an action in district court to enforce a tax lien of the United States against the property of the delinquent taxpayer. In pertinent part, subsection (c) states: "The court . . . may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." *26 U.S.C. § 7403(c).*

property," before we added "it does not necessarily follow that § 7403 requires the courts to satisfy this lien via a tax foreclosure sale." 475 F.2d at 679. And in *United States v. Eaves*, 499 F.2d 869, 871 (10th Cir. 1974), we cited *Hershberger* for the proposition that "once the validity of the lien has been established," the court has discretion under section 7403 whether to order foreclosure.

We hold that the lien in this case properly attached to the husband's undivided one-half interest in his Oklahoma homestead. Accordingly, we reverse the judgment of the district court.