**Helen PATE; William Whitfield Pate; Julia Ruth Pate; Kirksey McCord Pate, Plaintiffs–Appellants,**

v.

**UNITED STATES of America; Department of the Treasury; Internal Revenue Service, Defendants–Appellees.**

No. 92–7044.

United States Court of Appeals, Tenth Circuit.

Jan. 4, 1993.

---

G. Michael Blessington, P.C., Oklahoma City, OK, for plaintiffs-appellants.

James A. Bruton, Acting Asst. Atty. Gen., William S. Estabrook and Jordan L. Glickstein, Dept. of Justice, Washington, DC, John W. Raley, Jr., U.S. Atty., Muskogee, OK, for defendants-appellees.

Before LOGAN, MOORE and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Appellants, whom we will refer to as Property Owners, appeal the denial of their application for reasonable litigation costs under § 7430 of the Internal Revenue Code (26 U.S.C. § 7430). The sole issue presented by this appeal is whether the Government's litigation position was substantially justified under § 7430. We hold it was not and remand to the district court to award litigation costs including reasonable attorney fees.

The significant facts are not in dispute. In 1975, Mr. Pate purchased a home which he caused to be titled solely in his wife's name. Over the years Mr. Pate continued to reside in the home and paid most of the costs associated therewith including $70,-000 for remodeling and retirement of the debt. Commencing in 1983 and continuing through 1987, Mr. Pate accrued a tax liability in excess of $200,000. His only asset was a 1971 automobile. In 1984, the wife conveyed the home to the children but reserved a life estate. Mr. Pate was legally required to acquiesce in his wife's conveyance of title to the family homestead, and did so. Mr. Pate continues to live in the house and pays most of the costs. The Government filed tax liens against the home asserting Mr. Pate had an interest therein.

Property Owners commenced a quiet title action against the Government seeking to quiet title to the home against the tax liens. The Government asserted: (1) Mr. Pate retained an encumberable beneficial interest in the home through the mechanism of a purchase money resulting trust; and (2) the transfer of Mr. Pate's interest in the home constituted a fraudulent transfer. The district court found in favor of the Government. Property Owners appealed and we reversed with instructions to enter judgment for Property Owners. *Pate v. United States Dept. of Treasury I.R.S.*, 949 F.2d 1059 (10th Cir.1991).

On remand, Property Owners filed an application for their reasonable litigation costs, including attorney fees, under 26 U.S.C. § 7430. The district court denied the application holding in part:

Most of the analysis and authority cited in the Tenth Circuit's opinion were not presented to this Court by either party. The government position was far from frivolous and indeed the Tenth Circuit saw fit to publish its opinion in order to establish controlling authority on the matter. Were the Government in a subsequent case to take the same position, it would not now be substantially justified. However, the court does not conclude that plaintiffs have met their burden of proof as to *this* litigation.

Property Owners appeal this decision asserting the Government's position was not

substantially justified and the district court abused its discretion in denying their application for reasonable litigation costs.

■ We review a district court's denial or award of reasonable litigation costs sought by virtue of 26 U.S.C. § 7430 under an abuse of discretion standard. *See also Cassuto v. C.I.R.*, 936 F.2d 736 (2d Cir. 1991); *Zinniel v. C.I.R.*, 883 F.2d 1350 (7th Cir.1989), *cert. denied*, 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990); *Berks v. United States*, 825 F.2d 1262 (8th Cir. 1987).

■ In order to be eligible for an award of reasonable litigation costs under 26 U.S.C. § 7430, the applicant has the burden of establishing: (1) the applicant has exhausted all administrative remedies available within the IRS; (2) the requested award constitutes "reasonable litigations costs" as defined by § 7430(a)(1); and (3) the applicant is the "prevailing party" as defined by § 7430(c)(4)(A).

As this case turns upon whether Property Owners have met their burden of establishing themselves as the "prevailing party," we turn our attention to § 7430(c)(4)(A). This statute defines the term "prevailing party" as one who: (1) establishes the position of the United States in a civil proceeding was not substantially justified; (2) has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (3) has a net worth that did not exceed $2 million at the time the proceeding was commenced.[2]

The issue thus before us is whether the district court abused its discretion in concluding that Property Owners failed to establish the position of the United States was not substantially justified. The term "substantially justified" in this context means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact."

*See Pierce v. Underwood*, 487 U.S. 552, 563–65, 108 S.Ct. 2541, 2549–50, 101 L.Ed.2d 490 (1988), which defines the term under the Equal Access to Justice Act; and *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1486–87 (10th Cir.), *cert. denied*, 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984). In determining whether the position of the United States was "substantially justified," the district court must look at all facts and circumstances as well as the legal precedents relating to the case, bearing in mind the applicant bears the burden of proof.

■ Applying this test, i.e., was there a reasonable basis in fact and law for the position taken by the United States, we conclude that the district court abused its discretion in denying litigation costs to Property Owners. The Government's position was not "substantially justified" because although Mr. Pate was an unsavory character who had undisputed liabilities and no significant assets, under well-settled Oklahoma law he did not have a property interest in the house. Furthermore, the fact that the district court ruled in favor of the IRS is not dispositive as the district court did not apply established Oklahoma law. *See generally, Huckaby v. United States Dept. of Treasury*, 804 F.2d 297, 299 (5th Cir.1986) (the Government's success at the district court is a factor, but it is not dispositive). Likewise, we find the district court's stated reasons for denying the application for costs to be unpersuasive. Neither party properly briefed the district court, but the Government is not thereby relieved of its responsibility to adopt positions in litigation that are "substantially justified," that is, reasonably grounded in law and fact. Likewise, we refuse to draw a conclusion about the merits of the Government's position from the fact that the Tenth Circuit published its opinion.

---

**2.** Section 7430(c)(4)(A)(iii) provides the applicant must meet "the requirements of the [first] sentence of [§] 2412(d)(1)(B) of title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets the requirements of § 2412(d)(2)(B) of such title 28 (as so in effect)." This latter section sets forth the net worth requirement for an individual.

"[A] tax lien can attach only to a property interest owned by the delinquent taxpayer and" the existence of the property interest is determined by state law. *Pate*, 949 F.2d at 1060. Accordingly, if Mr. Pate did not acquire a property interest when the property was conveyed in 1975, then the lien was invalid, notwithstanding the later transfer to the Pate children. In Oklahoma there is a general presumption in favor of a resulting trust when title to real property is taken in one person's name but is paid for by another. *Pate*, 949 F.2d at 1060. Nevertheless, "there is a well-established exception ... [that] [w]hen a husband purchases property for his wife, not only is the resulting trust presumption inapplicable, but the wife is entitled to the opposing presumption that the property is hers alone by way of a gift or advancement." *Id.* at 1060–61. The Government's position was unreasonable because the gift presumption was "triggered by" the very circumstances present in this case, *id.* at 1061, and there were no facts in the stipulated record tending to rebut the gift presumption. Indeed, the gift occurred prior to any tax liability of Mr. Pate.

As this court stated in its earlier opinion: The presumption against a resulting trust arising out of the 1975 acquisition controls unless rebutted by clear and convincing evidence, *see Fletcher* [*v. Fletcher*, 206 Okl. 481, 244 P.2d 827, 830 (1952)]; *King* [*v. Courtney*, 190 Okl. 256, 122 P.2d 1014, 1015 (1952)]; *see generally Cacy v. Cacy*, 619 P.2d 200, 202 (1980) (evidence of resulting trust "must be clear, unequivocal, and decisive beyond a reasonable doubt"), and such evidence is lacking in the stipulated record here. None of the factual circumstances regarding Whit Pate's continued rent-free residence in the family home and payment of upkeep and remodeling expenses are inconsistent with his wife's ownership of the property.

*Pate*, 949 F.2d at 1061.

In this appeal the Government so much as concedes that there are no facts tending to rebut the gift presumption. ("As this Court correctly pointed out on appeal, the District Court's reasoning was incorrect since under Oklahoma law, when a husband purchases property for his wife, the presumption is that the property is hers alone by way of gift or advancement." Instead, it presses a second theory, first advanced on the earlier appeal, that is also clearly foreclosed by Oklahoma law. The Government contends that the property was homestead, and that the homestead right was a property interest, citing *Tillery v. Parks*, 630 F.2d 775, 776–78 (10th Cir. 1980), to support this proposition. With respect to this argument, we stated in our earlier opinion that: "The Government has not cited a single case that reaches a contrary conclusion [to Oklahoma law that the homestead right is not a property interest]." *Pate*, 949 F.2d at 1062. *Tillery* is simply not, nor is it arguably, applicable. *Tillery* merely held that a homestead right does not preclude attachment of a tax lien to an otherwise established interest in homestead property. Because *Tillery* in no way questioned the established rule in Oklahoma that a homestead interest is not a property right, we conclude that *Tillery* did not provide "substantial justification" for the Government's wholly erroneous position in this litigation.

Although Property Owners have succeeded in establishing that the Government's position in this litigation was not substantially justified, they have failed to allege and establish that their net worth does not exceed $2,000,000, a prerequisite to the award of attorney's fees. Accordingly, we hold the Government was without substantial justification for its litigation position in this matter and REVERSE the judgment of the district court, we also REMAND to the district court to determine whether Appellants satisfy the net worth requirement and to calculate and award litigation costs, including reasonable attorney fees, if they do.