Alan M. HILL, Norma P. Hill, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 89–2021–0.

United States District Court,
D. Kansas.

April 1, 1993.

Timothy O'Brien, Shook, Hardy & Bacon, Overland Park, KS, for plaintiffs.

Lee Thompson, U.S. Atty., Leon J. Patton, Asst. U.S. Atty., Kansas City, KS, Seith G. Heald, Trial Atty., Tax Div., Office of Special Litigation, U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on plaintiffs' motion to assess litigation costs against defendant (Doc. #53) pursuant to 26 U.S.C. § 7430(a) and defendant's motion to strike plaintiffs' affidavit (Doc. #47). For the reasons set forth below, plaintiffs' motion will be granted in part and defendant's motion will be denied.

The plaintiffs were assessed $1,440.00 in additional income taxes for the 1983 tax year. The additional tax was assessed on monies received by Alan Hill as proceeds from the settlement of a lawsuit against United Airlines. Plaintiff contended that the monies were excludable from plaintiffs' taxable income under section 104(a)(2) of the Internal

Revenue Code (26 U.S.C. § 104(a)(2), the "Code"), as monies received for personal injuries from a "tort-type claim." *Wulf v. City of Wichita,* 883 F.2d 842, 873 (10th Cir.1989). We agreed, and in our order of May 4, 1990, the court granted summary judgment in favor of plaintiffs.

Plaintiffs then filed a motion for attorney's fees and the court ordered plaintiffs to file amended affidavits setting forth facts showing that each had a net worth of less than $2,000,000 in order to satisfy the net worth requirement of 28 U.S.C. § 2412(d)(2)(B)(i) (incorporated by reference into 26 U.S.C. § 7430(c)(4)(A)(iii)). Plaintiffs filed amended affidavits on May 21, 1990, as exhibit A to their memorandum. The court finds that plaintiffs' amended affidavit sets forth facts which establish that they each had a net worth of less than $2,000,000. Accordingly, defendant's motion to strike plaintiff's affidavit will be denied. The court finds no authority for defendant's request that plaintiffs be ordered to produce detailed financial statements to defendant. Defendant's motion for financial statements will therefore be denied.

■ The plaintiffs were a prevailing party in the instant litigation. A "prevailing party" is a party who: 1) establishes that the position taken by the United States in a civil proceeding was not substantially justified; and 2) has substantially prevailed with respect to the amount in controversy or the most significant issue. 26 U.S.C. § 7430(c)(4)(A); *Pate v. United States,* 982 F.2d 457, 459 (10th Cir.1993). Clearly, the plaintiffs prevailed in the instant action. Summary judgment was granted in their favor.

■ Further, the position of the IRS in this litigation was not substantially justified. *See id.* at § 7430(c)(4)(A)(i)(II). The Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 563–65, 108 S.Ct. 2541, 2549–50, 101 L.Ed.2d 490 (1988). As already discussed in our order granting summary judgment, misrepresenta-

tion is an actionable tort under Kansas law. *Tetuan v. A.H. Robins Co.,* 241 Kan. 441, 738 P.2d 1210 (1987); *Johnson v. Geer Real Estate,* 239 Kan. 324, 720 P.2d 660 (1986). At the time of settlement, plaintiff Hill's suit against United Airlines contained only one claim—a tort claim for misrepresentation. Thus, the monies received by Alan Hill in settlement of his claim against United Airlines for misrepresentation were excludable from income as compensation for personal injury under 26 U.S.C. § 104(a)(2). *See, Wulf,* 883 F.2d at 873 (damages for personal injury from a tort-type claim are excludable). Defendant's contention that this issue was a factual inquiry is inapposite as evidenced by our grant of summary judgment. Accordingly, plaintiffs are entitled to reimbursement for reasonable attorney's fees.

■ The real issue is the amount of fees that are appropriate. Section 7430 was amended on November 10, 1988, to allow recovery of attorney's fees incurred during administrative proceedings before the IRS. The amendment to section 7430 applies to "proceedings commencing after the date of the enactment of this Act." Section 6239(d) of Pub.Law 100–647 (a conforming amendment to 5 U.S.C. § 504). The problem is that Congress did not clearly define "proceedings." Thus, in the present case, if "proceedings" is interpreted to mean administrative proceedings, then the amendment does not apply in this case because the administrative proceedings were commenced prior to the enactment of the amendment. Under this interpretation, plaintiffs would not be entitled to the attorney's fees and costs related to the administrative proceedings. If, however, "proceedings" means court proceedings, then the amendment would apply in this case because plaintiffs did not file suit until well after the enactment of the amendment. Under this interpretation, plaintiffs could conceivably recover attorney's fees for the administrative proceedings, even though the proceedings occurred prior to the enactment of the amendment.

We know of no other court that has decid-

**934**

ed this precise question.[1] We believe that Congress intended to limit the applicability of the 1988 amendment to section 7430 to *all* proceedings—administrative or judicial—which were commenced after the effective date of the Act. Plaintiffs contend that the term "proceedings" has only one meaning—court proceedings. However, a review of the amended section 7430 in its entirety reveals that Congress carefully used the adjectives "administrative" and "court" to differentiate between the two types of proceedings. Thus, if Congress intended that "proceedings" in section 6239(d) means only court proceedings they would have used an appropriate modifier to so indicate. Moreover, we do not believe that Congress intended the result advocated by the plaintiffs—to allow attorney's fees for administrative proceedings which occurred prior to the amendment simply because plaintiffs fortuitously happened to have filed their court proceedings after the enactment of the amendment. This is especially true because the recovery of costs incurred during the administrative proceedings was not authorized prior to the 1988 amendment to section 7430.

Plaintiffs are therefore entitled to reimbursement of the costs incurred in filing and prosecuting the instant court proceedings, but not the costs associated with the administrative proceedings. After reviewing the affidavit of plaintiffs' counsel, the court finds that plaintiffs are entitled to $8,653.75 in

attorney and paralegal fees and $120.00 in court costs for costs incurred by plaintiffs during this litigation.[2] In addition, plaintiffs are entitled to $637.50 in attorney's fees associated with the instant motion. In sum, plaintiffs are entitled to $9,411.25 in fees and costs.

IT IS THEREFORE ORDERED that plaintiffs' motion for litigation costs (Doc. # 53) is granted in part. The clerk is directed to enter judgment for costs in favor of the plaintiffs in the amount of $9,411.25.

IT IS FURTHER ORDERED that defendant's motion to strike plaintiffs' affidavit (Doc. # 47) is denied.

---

1. Plaintiffs contend that we should award fees for the administrative costs in this case because no case supports the position that they should not be awarded. The court notes that the reverse is equally true—no case supports the plaintiffs' position that fees should be awarded under these circumstances.

2. The amount of fees was calculated as follows:

| | |
|---|---|
| December: | 2.00 hours @ $75.00/hr |

| | |
|---|---|
| January: | 2.00 hours @ $75.00/hr |
| | 4.75 hours @ $40.00/hr * |
| February: | .25 hours @ $75.00/hr |
| | 2.00 hours @ $40.00/hr |
| March: | 4.75 hours @ $75.00/hr |
| | .75 hours @ $40.00/hr |
| April: | 2.00 hours @ $75.00/hr |
| | 20.75 hours @ $40.00/hr |
| May: | 1.75 hours @ $75.00/hr |
| | 7.25 hours @ $40.00/hr |
| June: | .75 hours @ $75.00/hr |
| | 6.00 hours @ $40.00/hr |
| July: | 19.50 hours @ $60.00/hr |
| | 3.75 hours @ $40.00/hr |
| | .25 hours @ $25.00/hr |
| August: | 4.75 hours @ $75.00/hr |
| | .50 hours @ $40.00/hr |
| September: | 12.00 hours @ $75.00/hr |
| | 1.00 hours @ $40.00/hr |
| October: | 7.00 hours @ $75.00/hr |
| | 1.00 hours @ $40.00/hr |
| | .50 hours @ $25.00/hr |
| November: | 29.00 hours @ $75.00/hr |
| | 2.00 hours @ $40.00/hr |
| December: | 3.25 hours @ $75.00/hr |

| | |
|---|---|
| January: | 3.50 hours @ $75.00/hr |

* The court assumes that the MAG notation on the billing worksheets submitted by plaintiffs represents billing for paralegal services.