Don OLENHOUSE, et al., Plaintiffs,

v.

COMMODITY CREDIT CORPORATION, et al., Defendants.

No. 89–1029–JTM.

United States District Court, D. Kansas.

March 12, 1996.

Karen K. McIlvain and M. Joyce Lancaster, Madison, KS, for Plaintiffs.

Stephen K. Lester, Asst. U.S. Attorney, Wichita, KS, for Defendants.

---

## MEMORANDUM AND ORDER

MARTEN, District Judge.

Plaintiff Don Olenhouse, and ·other similarly situated farmers (hereinafter "the farmers"), challenged final decisions by the Commodity Credit Corporation (hereinafter "the agency"), reducing deficiency payments for late planted wheat crops. Class action status was granted. This court affirmed the agency's decisions, but the Tenth Circuit reversed, holding this court made procedural errors and construed its power to review agency action too narrowly. The Tenth Circuit rejected the agency's decisions on multiple grounds and directed this court to enter judgment for the farmers on remand. *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir.1994).

This court remanded the case to the agency for determination of the amount due each farmer, retaining jurisdiction to resolve any disputes. After the agency and the farmers prepared a statement of the amount due each farmer, final judgment was entered for the farmers, who now seek attorneys' fees and expenses (Dkt. No. 63) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A hearing is not necessary to resolve this issue.

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses, ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." · 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must file an application within 30 days of final judgment, showing the party is

eligible to receive an award and containing an itemized list of fees and expenses. 28 U.S.C. § 2412(d)(1)(B).

The agency contests the application on four grounds: (1) timeliness: (2) the farmers are not an "eligible party;" (3) an award here would be unjust; and (4) the agency position was "substantially justified." The agency does not challenge the itemized timesheets and expenses or the hourly rate for attorneys' fees.

## A. ANALYSIS.

1. *The "Jurisdiction—Timeliness of Application for Fees" Argument.*

█ The agency first asserts the farmers' motion for attorneys' fees is untimely, which rests on the agency's assertion that a final judgment was entered prior to this court's judgment of October 20, 1995. The Supreme Court defines a "final judgment" for purposes of 28 U.S.C. § 2412(d)(1)(B) as "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan v. Sullivan,* 501 U.S. 89, 96, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991). The Court stated that "it is *the court before which the civil action is pending* that must render final judgment." *Melkonyan,* 501 U.S. at 94, 111 S.Ct. at 2161 (emphasis in original). *Accord Goatcher v. Chater,* 57 F.3d 980, 981 (10th Cir.1995) (The order of the district court is the final judgment, and not the order of the court of appeals, for purposes of the EAJA). Accordingly, the judgment of this court entered on October 20, 1995, which terminated the civil action, is the final judgment for purposes of the EAJA. Thus, the farmers' November 17, 1995 motion for fees was timely because it was made within 30 days after the October 20, 1995 order of this court became unappealable.[1]

2. *The "Eligible Parties" Argument.*

Under the EAJA, an eligible party:

means (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, ...

28 U.S.C. § 2412(d)(2)(B).

The agency contends the farmers do not meet the net worth requirements, arguing the farmers must be treated as an organization with an aggregate net worth of more than $7 million.

A failure to make that showing does not resolve the matter, however. This court may order the farmers to show they satisfy the net worth requirement, or it may dismiss the petition without prejudice to allow the farmers to cure the defect. *See Pate v. United States,* 982 F.2d 457, 460 (10th Cir.1993) (fee claim remanded for plaintiff to make required showing); *Dunn v. United States,* 775 F.2d 99, 103 (3d Cir.1985) (deficiencies in the content of an EAJA petition "may be corrected if the government cannot show any prejudice arising from the later correction of those deficiencies"). Here, the agency has shown no such prejudice and this court directs the farmers to submit proof of compliance with the net worth requirement.

The court's research has not disclosed case law directly addressing the application of the net worth limitations to a class action, so this appears to be a question of first impression. The agency argues that because the EAJA is a waiver of sovereign immunity, it must be strictly construed in favor of the United States. Because Congress provided exemptions from the net worth requirements for certain organizations, the agency argues that no other exemptions exist. Thus, the agency

---

1. In addition, while the agency may not waive jurisdictional requirements, the agency's attorney was present at a March 10, 1995 meeting where the farmers advised they would file a motion for fees under the EAJA. This court told the parties it considered the matter timely raised, but the farmers should file the application after the court entered a final order in the case. The farmers' counsel and this court exchanged correspondence confirming this understanding and copied the agency's attorney. The agency did not object in any manner to this arrangement and will not be allowed to do so now.

concludes the aggregate net worth of all members of the class, defined by the agency as all entities receiving a payment under the final order, must not exceed $7 million. The court disagrees.

The agency correctly notes the EAJA is a waiver of sovereign immunity and must be strictly construed in favor of the United States. *Ardestani v. I.N.S.*, 502 U.S. 129, 135–38, 112 S.Ct. 515, 520–21, 116 L.Ed.2d 496, 505–06 (1991). However, once Congress has waived sovereign immunity over certain subject matter, courts "should be careful not to 'assume the authority to narrow the waiver that Congress intended' " *Ardestani*, 502 U.S. at 137, 112 S.Ct. at 520, 116 L.Ed.2d at 506 (citations omitted).

Congress did not indicate how class action plaintiffs were to be treated under the EAJA. Case law does contain cases with EAJA awards to class action plaintiffs. *See, e.g., Estate of Smith v. O'Halloran*, 930 F.2d 1496 (10th Cir.1991) (class action on behalf of all medicaid recipients residing in nursing homes in Colorado); *Dunn*, 775 F.2d at 101 (noting that the petition alleged that each plaintiff met the individual net worth requirement).

The Fifth Circuit has addressed a similar situation. In *State of Louisiana, ex rel. Guste v. Lee*, 853 F.2d 1219 (5th Cir.1988), five private plaintiffs and the State of Louisiana challenged the renewal of shell dredging permits by the Corps of Engineers. The district court held the five private plaintiffs each were eligible for an award of fees and expenses, but participation by the State of Louisiana required a 50% reduction in the award. The Fifth Circuit remanded for consideration under the appropriate standard, holding:

> When parties eligible for EAJA fees join parties ineligible for EAJA fees, the district court must account for the free-rider problems that will inevitably exist. If the party ineligible for fees is fully willing and able to prosecute the action against the United States, the parties eligible for EAJA fees should not be able to take a free ride through the judicial process at the government's expense. Conversely, if the ineligible party's participation is nomi-

nal or narrow, then the eligible parties should not be denied the access that Congress sought to ensure by enacting the EAJA.

*Guste*, 853 F.2d at 1225.

The plain language of the statute does not support the agency's two-step assertion that the income of the farmers must be aggregated. It clearly indicates parties are to be considered on an individual basis. Each party seeking an award must meet the relevant net worth cap—$2 million for an individual, or $7 million for a business or organization. The court finds no language requiring class action plaintiffs to be reborn as an "organization" and no support for determining an organization's net worth by aggregating the net worth of its members.

The EAJA was enacted to ensure people would not be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in pursuing their rights. *Pettyjohn v. Shalala*, 23 F.3d 1572, 1575 (10th Cir. 1994). Requiring class action plaintiffs to aggregate their net worth is contrary to the language and intent of the statute. Under such an interpretation, the larger the class of injured parties the less likely that representative plaintiffs would be able to bear the fees and expenses on their own and the less likely that they could recover their fees and expenses. This approach also would increase the cost of litigation by discouraging the use of class action suits. Both results are contrary to the intent of the statute. While the cases mentioned here do not squarely address the issue, they do treat class action plaintiffs as separate parties rather than as an organization, and they have not been required to aggregate their net worth.

The agency cites *National Truck Equipment v. National Highway Traffic Safety Admin.*, 972 F.2d 669 (6th Cir.1992), in support of its argument that the farmers' net worth should be aggregated. *National Truck* held that when an organization, in that case a trade association, seeks an EAJA award, the net worth of its members should be aggregated to determine whether the organization is eligible for an award, particular-

ly where the litigation is of substantial benefit to each of the members of the association individually. 972 F.2d at 673–74. Here, the farmers have not formed an organization, the nonexistent organization does not seek an award of fees, and the banks and other non-farmer entities were merely incidental beneficiaries of the action. *National Truck* is neither applicable nor persuasive here.

The approach of the Fifth Circuit is persuasive, and it is consistent with the language and purposes of the EAJA. Applying the approach of *Guste,* the farmers must show that the named plaintiffs, i.e., those who prosecuted the claim and seek the EAJA award—each met the net worth requirements.

The agency probably raised this issue because three banks, a church, and other non-farmer entities were beneficiaries of the action. However, the largest payment appears to have gone to an estate in the amount of $9,880.26—far less than the cost of this action. The agency has not shown that the named farmers were unrepresentative of the class or that unnamed members of the class were willing and able to bear the cost of the litigation.

### 3. *The "EAJA Award Would Be Unjust" Argument.*

■ The agency next argues an award would be unjust for two reasons. First, there are a number of beneficiaries of the class. However, the agency cites no authority in support of this contention, nor does it explain why a large number of beneficiaries makes an award unjust. There are a number of class action cases with EAJA awards and a large number of beneficiaries. *See, e.g., Estate of Smith,* 930 F.2d 1496. In fact, it seems to this court that to deny an award because a large number of people benefit from the underlying decision would undermine the very purpose of the EAJA.

Second, the agency argues no award should issue because this is a fee generating case. The agency offers no authority in support of this argument. In fact, there are numerous "fee generating" cases with EAJA awards. *See, e.g., Melkonyan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78; *Pierce v.*

*Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (EAJA fees awarded in class action "fee generating" case). While one might imagine circumstances where an EAJA award would be unjust because the underlying award was more than sufficient incentive for the lawsuit, those circumstances are not present here. The cost of this litigation greatly exceeded the award any individual plaintiff or beneficiary of the action received.

The agency has failed to establish an award of fees and expenses under the EAJA would be unjust.

### 4. *The "Substantial Justification for the Agency Action" Argument.*

■ The agency finally argues its position was substantially justified, precluding an EAJA award. The agency bears the burden of proof on this point, the test being one of reasonableness in law and fact. *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 49, 133 L.Ed.2d 14 (1995).

■ The agency claims the decision of this court affirming its action helps to establish that its position was substantially justified. However, case law holds the position of the government is not shown to be substantially justified merely because the government prevailed before the district court. *Estate of Smith,* 930 F.2d at 1501.

■ *Pate* is instructive. In that case, the IRS filed tax liens on a house owned by Pate's children, in which Pate lived. Pate had paid for the house, but the deed was in his wife's name. Pate's wife transferred title to the house to Pate's children. The district court held that Pate had an interest in the house and refused to quiet title to the property. The Tenth Circuit reversed, holding that the district court had failed to apply well settled Oklahoma law, under which Pate had no interest in the house.

After final judgment on remand, Pate sought fees under 26 U.S.C. § 7430. The district court held Pate had failed to establish that the IRS's position was not substantially justified. The district court cited its

decision in the underlying case and the Tenth Circuit's decision to publish the reversal. The Tenth Circuit reversed, holding that the previous district court decision and the publication of its reversal were not dispositive because the district court had not applied established law. *Pate,* 982 F.2d at 459.

Here, the Tenth Circuit essentially held that this court failed to apply established law. *Olenhouse,* 42 F.3d at 1565. In fact, the Tenth Circuit noted that had this court followed correct procedure and applied the appropriate standard of review, it could not have concluded that the agency's decisions were substantially supported by the administrative record. *Olenhouse,* 42 F.3d at 1578. Under *Pate,* the previous decision of this court is not dispositive.

In *Olenhouse,* the Tenth Circuit held that the agency misapplied program rules and regulations; failed to consider relevant statutory factors; failed to demonstrate compliance with statutory notice requirements; and failed to observe minimum procedural safeguards. The *Olenhouse* court found that the agency's action was arbitrary and capricious and unsupported by substantial evidence in the administrative record. *Olenhouse,* 42 F.3d at 1576–84. In other words, the agency action had no reasonable basis in law or in fact. Under those circumstances, this court finds it difficult to conclude the agency action was "substantially justified," and declines to do so.

The agency also seeks to show that its actions were substantially justified by merely restating the agency's decisions—the very decisions rejected by the Tenth Circuit as arbitrary and capricious. Under *Gilbert* and *Olenhouse,* the agency action was not substantially justified.

### B. DETERMINATION OF EAJA AWARD.

██ The farmers seek fees in the amount of $84,750.00 (678 hours at $125.00/hour) and expenses in the amount of $2,032.28. The agency does not address the number of hours, the rate, or the amount of expenses requested. The EAJA provides that reasonable fees and other expenses shall be awarded, except that attorneys' fees shall not ex-

ceed $75.00 per hour unless the court finds that the cost of living or a special factor, such as a limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

The farmers assert a cost-of-living adjustment would provide for an hourly fee of $122.70. The farmers also claim there are a limited number of qualified attorneys to handle this type of litigation, which justifies a higher rate, citing the Tenth Circuit's classification of this area of the law as difficult to understand. *See Olenhouse,* 42 F.3d at 1565–66. Given the agency's failure to complain, this court's knowledge of fees in the Wichita area, the complexity of this area of the law, and the increase in the cost-of-living since 1981, when the statute was enacted, this court finds that a $125.00 hourly rate is justified.

Although the agency does not challenge the fees and expenses, this court must review the submitted fees. Requested fees include 1.5 hours to prepare a motion for admission to the Tenth Circuit with an application and documentation. This request is inappropriate and will be denied.

IT IS ACCORDINGLY ORDERED this 12th day of March, 1996, that within 30 days of this order the farmers must submit proof that the net worth of each of the named plaintiffs at the time this action was filed did not exceed $2 million. The agency shall have 20 days to respond to the offered proof. If this court is satisfied that the farmers met the net worth requirements, an order awarding $84,562.50 in fees and $2,032.28 in expenses will be issued.