**UNITED STATES COURT OF APPEALS**
**Filed 5/22/96**
**TENTH CIRCUIT**

PAUL E. and EMMA HARPER,

      Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 95-7063
(D.C. No. CIV 94-073-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BRISCOE** and **LUCERO**, Circuit Judges.

Plaintiffs Paul and Emma Harper appeal the district court's denial of attorney fees they expended to prosecute their action against the United States to recover late filing penalties assessed by the Internal Revenue Service. In this case, plaintiffs received automatic and discretionary extensions to file their income tax returns for the years 1988-1990. See 26 U.S.C. § 6081(a). Relying on the advice of their accountant, plaintiffs estimated their tax liability to be $30,000 in 1988, $24,625 in 1989, and $0 in 1990.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Their actual tax liability turned out to be $158,585 in 1988, $89,290 in 1989, and $94,030 in 1990. Based on these repeated discrepancies, the IRS retroactively revoked plaintiffs' filing extensions and assessed penalties of about $47,000. See 26 U.S.C. § 6651(a)(1).

Plaintiffs paid the penalties and sued for a refund, arguing that they had good cause for their estimations. The good cause defense was based on reliance on their reputable accountant, and on past years' losses from investments for which plaintiffs had been entitled to take deductions. The district court agreed and awarded plaintiffs a refund of penalties. The district court found the IRS's position in revoking the extensions substantially justified, however, because of the large discrepancy between the amounts estimated and the final tax liability.

Under 26 U.S.C. § 7430(a), a "prevailing party" in a tax refund proceeding may be entitled to reasonable attorney's fees. A private plaintiff is the "prevailing party" if she substantially prevailed on her claim, and the position of the United States in the proceeding was not "substantially justified." 26 U.S.C. § 7430(c)(4)(A). The government's position is "substantially justified" if it has a "reasonable basis both in law and fact." Pate v. United States, 982 F.2d 457, 459 (10th Cir. 1993) (quotation and citation omitted). We review the district court's denial of reasonable litigation costs under § 7430 for an abuse of discretion. Id.

We have reviewed the parties' briefs and cases cited therein, the district court's orders and findings, and the record on appeal. Based on this review, we cannot say that

the district court abused its discretion in determining that the IRS was substantially justified in revoking plaintiffs' extensions and assessing penalties. Accordingly, the district court's order denying plaintiffs' applications for attorney's fees and costs is AFFIRMED.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge