**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERESA SALOPEK; MARK
SALOPEK; MARCIE SALOPEK;
BENJAMIN G. SALOPEK; MARY
K. SALOPEK; JAMES A. SALOPEK;
GEORGIA J. SALOPEK,

   Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

   Respondent-Appellee.

No. 99-9012
Appeal from U.S. Tax Court
(T.C. Nos. 14160-97, 14161-97,
14162-97, & 14163-97)

**ORDER AND JUDGMENT**   *

Before **KELLY** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioners appeal from an award of costs and fees under 26 U.S.C. § 7430 that they assert is inadequate in several respects. "We review the Tax Court's decision concerning the award of litigation costs under I.R.C. § 7430 for an abuse of discretion." *Barford v. Commissioner*, 194 F.3d 782, 786 (7th Cir. 1999); *see also Pate v. United States*, 982 F.2d 457, 459 (10th Cir. 1993) (recognizing same standard for review of district court order under § 7430). As explained below, we hold that petitioners have waived most of their objections and that the Tax Court did not abuse its discretion with respect to the matters properly preserved for appeal. Accordingly, we affirm.

Petitioners were audited in 1996, primarily on account of certain sizable deductions claimed on their tax returns for 1993-1995. After efforts at informal resolution failed for lack of requested documentary substantiation, respondent sent petitioners notices of deficiency in April 1997 disallowing the deductions. Petitioners challenged the deficiency in Tax Court in July 1997, later amending their petitions in December 1997 to correct certain disadvantageous calculations of their own. Throughout the proceedings, respondent continued to seek supporting documentation for the disputed deductions. Petitioners provided the last of the requested information by January 1998 and, within a month, the parties

filed a "stipulation of settled issues," though execution of a formal settlement of the case was delayed for reasons not relevant to this appeal.

In June 1998, petitioners moved for litigation costs under § 7430. They noted respondent's ultimate concessions on the merits of most matters, and "[a]ttached . . . specific litigation and administrative costs for which [they] claim[ed] an award, supported by an affidavit." The affidavit, from petitioners' counsel, summarily stated that he "performed the services and incurred the expenses on the attached bills totaling $93,977.39." While some bills reflected hourly charges in excess of the statutory rate, neither petitioners nor counsel noted this fact, much less advanced an argument "that a special factor, such as the limited availability of qualified attorneys for such a proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifie[d] a higher rate," § 7430(c)(1)(B)(iii). No other costs were mentioned, and petitioners did not request a hearing on the motion.

Respondent sought an extension of time to respond, indicating a settlement of the matter might be reached. However, on August 5, 1998, respondent filed a lengthy formal objection to the costs sought, arguing *inter alia* that it had been justified in requiring additional substantiation before approving the claimed deductions. Respondent also objected that most of the legal bills attached to the

motion did not indicate the hourly rate charged and the few that did exceeded the statutory rate without any stated justification.

The Tax Court did not direct petitioners to file a reply or order a hearing, both of which it had discretion, but no obligation, to do. *See* Tax Court R. 232(a)(2). Nothing more was filed, and on October 26, 1998, the court issued a memorandum opinion resolving the motion, pursuant to Tax Court R. 232(a)(1) ("The Court may take action after the Commissioner's written response to the motion [for litigation costs] is filed."). The court found that (1) respondent's position had been substantially justified as to all matters except certain cash contribution deductions and depreciation deductions; and (2) compensation of counsel's time properly allocated to the latter issues, calculated at the applicable statutory rates, totaled $11,490. The court also found $1,075 in reimbursable litigation costs, similarly allocated to the issues on which respondent's position had not been substantially justified.

A month later, petitioners requested an extension until December 12, 1998, to file a motion for reconsideration of the opinion under Tax Court R. 161. The court granted the request. On December 15, 1998, petitioners submitted four separate Rule 161 motions which, after an oral conference, the court returned for consolidation in a single motion. On January 11, 1999, with no such motion on file, the court entered four formal "Order and Decisions," awarding petitioners

their various shares of the litigation costs as determined in the court's previous opinion. Two weeks later, petitioners requested another extension and, in conjunction therewith, submitted their consolidated motion for reconsideration. The motion sought previously unclaimed accounting fees and additional attorney fees dating back to April 15, 1998 for services rendered in connection with the motion for costs, and argued for the first time that counsel was entitled to fees in excess of the hourly rate prescribed by § 7430(c)(1)(B)(iii). On February 4, 1999, the court simultaneously granted the extension and summarily denied the Rule 161 motion. This appeal followed.

Petitioners contend the Tax Court erred in failing to award (1) accounting fees, (2) litigation costs associated with the § 7430 motion, (3) attorney fees in excess of the statutory rate, and (4) litigation costs related to issues on which the court found respondent's position substantially justified. As discussed above, the first three matters were not raised in petitioners' § 7430 motion for costs, but were interjected by their Rule 161 motion for reconsideration.

"[D]ecisions interpreting Rules 59 and 60 of the Federal Rules of Civil Procedure apply to motions for reconsideration and further trial under Rule 161 of the Rules of the United States Tax Court." *Estate of Kraus v. Commissioner*, 875 F.2d 597, 602 (7th Cir. 1989) (citing *Wheeler v. Commissioner*, 46 T.C.M. (CCH) 642 (1983)). The Rule 59/60 case law makes it clear that a motion for

-5-

reconsideration is an inappropriate vehicle for advancing new arguments or facts which could have been raised in prior briefing. *See, e.g.*, *Servants of Paraclete v. Does*, ___ F.3d ___, 2000 WL 194185, at *6 (10th Cir. Feb. 3, 2000); *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994); *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993). Petitioners' motion for reconsideration provided no explanation why the facts and claims advanced therein could not have been raised earlier. Under the circumstances, "we cannot say it was an abuse of the Tax Court's discretion to refuse to consider the additional evidence [and associated cost claims]" submitted after it had issued its opinion on the matter. *Powers v. Commissioner*, 43 F.3d 172, 182 (5th Cir. 1995).

The only question remaining is whether the Tax Court abused its discretion in holding that respondent's position with respect to certain depreciation and charitable contribution deductions had been substantially justified. These matters were ultimately settled on terms favorable to petitioners, though not entirely as represented on their tax returns. In any event, respondent's initial refusal to accept the deductions was based on a lack of supporting documentation, and the record reflects respondent's repeated pre-settlement efforts to obtain reasonable substantiation for the existence, amount, and timing of the deductions claimed. *See generally United States v. Yochum (In re Yochum)*, 89 F.3d 661, 671-72 (9th Cir. 1996) (holding government substantially justified in challenging

deductions for lack of documentation, although taxpayers ultimately provided evidence to support their claims). Petitioners cite a revenue agent's statements early in the proceedings indicating that the matters in dispute were simple and would require little documentation to settle quickly. However, such initial prognostications are clearly undercut by later averments from the same agent that petitioners' lack of cooperation, as well as the appearance of additional questions raised by further investigation, necessarily extended the inquiry. We conclude the Tax Court acted within its discretion in holding that respondent's position on the matters in question was substantially justified.

     The judgment is of the Tax Court is AFFIRMED.

                                    Entered for the Court


                                    Paul J. Kelly, Jr.
                                    Circuit Judge