F I L E D
United States Court of Appeals
Tenth Circuit

FEB 16 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN L. HARMER; CAROLYN
HARMER,

     Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent-Appellee.

No. 00-9002

(T.C. No. 7673-98)
(U.S. Tax Court)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY, BRISCOE,** Circuit Judges, and **MURGUIA** , District Judge **.

---

     Taxpayers John and Carolyn Harmer appeal a decision of the United States

Tax Court denying their request for an award of litigation costs pursuant to 26

U.S.C. § 7430. We exercise jurisdiction pursuant to 26 U.S.C. § 7482 and affirm.

     Section 7430 of the Internal Revenue Code provides in pertinent part that

"[i]n any . . . court proceeding which is brought by or against the United States in

---

    * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** The Honorable Carlos Murguia, United States District Judge, District of
Kansas, sitting by designation.

connection with the determination, collection, or refund of any tax, interest, or penalty under [the Internal Revenue Code], the prevailing party may be awarded . . . reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C. § 7430(a)(2). We review the Tax Court's denial of the Harmers' request for litigation costs for an abuse of discretion. Barford v. Comm'r, 194 F.3d 782, 786 (7th Cir. 1999); see also Pate v. United States, 982 F.2d 457, 459 (10th Cir. 1993) (applying same standard of review to district court decision applying § 7430).

Generally speaking, a taxpayer will qualify as a "prevailing party" for purposes of § 7430 if two requirements are met. First, the taxpayer must have "substantially prevailed with respect to [either] the amount in controversy" or "the most significant issue or set of issues presented." 26 U.S.C. § 7430(c)(4)(A). Second, the Commissioner's position must not have been "substantially justified." 26 U.S.C. § 7430(c)(4)(B)). "The term 'substantially justified' in this context means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.'" Pate, 982 F.2d at 459 (quoting Pierce v. Underwood, 487 U.S. 552, 563-65 (1988)). The Commissioner bears the burden of proving that his position was substantially justified. 26 U.S.C. § 7430(c)(4)(B)(i).

The Tax Court effectively concluded that the Harmers did not qualify as the

"prevailing party" in the action. Although it was uncontroverted that the Harmers substantially prevailed in the Tax Court with respect to the most significant issue presented, i.e., whether certain bank deposits were taxable income, the Tax Court effectively concluded that the Commissioner's position was substantially justified at the time the statutory notice of deficiency was filed. More specifically, the Tax Court agreed with the Commissioner that the Harmers failed to provide the IRS, prior to the filing of the statutory notice of deficiency, with sufficient documentation to support their claims that the deposits were loan proceeds and loan repayments.

In attacking the Tax Court's conclusion, the Harmers do not refute (or even discuss) the fact that they were tardy in providing the IRS with documentation. Instead, the Harmers argue that the Commissioner should have accepted the oral and written representations of Mr. Harmer, the Harmers' accountant, the Harmers' lawyer, and Senator Robert Bennett's (the alleged source of the majority of the loan proceeds) lawyer, instead of requiring the Harmers or these third persons to produce actual documentation of the loans at issue. The Harmers also assert that the government had access to the bankruptcy petition the Harmers filed in 1996[1]

---

[1] On April 17, 1996, the Harmers filed for Chapter 7 bankruptcy protection. According to the Harmers, their bankruptcy petition "provided the names and mailing addresses of the[ir] creditors and the amounts of the personal loans." Record Vol. I, Doc. 22 at 7. Further, the Harmers allege "[t]he Internal

(continued...)

3

and could have used the bankruptcy petition to verify the existence of the alleged loans.  Further, the Harmers argue that the IRS civil auditors should have contacted the various witnesses who were ultimately contacted by the government's trial counsel before deciding to concede some of the issues and forego trial.  Lastly, the Harmers contend that neither Senator Bennett nor his agents could produce the documents requested by the Commissioner (e.g., promissory notes, loan agreements, loan documents, or an accounting) because "[m]any of these demanded records did not exist in 1994, 1997, or even now in 1999."  Record Vol. I, Doc. 22 at 9.

The Harmers' arguments fly in the face of several established principles.  First, deposits in a taxpayer's bank account are considered prima facie evidence of income.  Welch v. Comm'r, 204 F.3d 1228, 1230 (9th Cir. 2000); see also Page v. Comm'r, 58 F.3d 1342, 1347 (8th Cir. 1995) (concluding that the "bank-deposits-plus-cash-expenditures method is a rational way [for the IRS] to reconstruct income").  Second, and relatedly, a taxpayer bears the burden of showing that deposits to his bank account are not taxable income but instead were derived from a nontaxable source.  Welch, 204 F.3d at 1230; Dodge v. Comm'r, 981 F.2d 350, 354 (8th Cir. 1992).  Third, in assessing whether a particular

---

[1](...continued)
Revenue Service was a listed creditor of the bankrupt[cy] estate and the government significantly participated in the bankruptcy proceedings."          Id.

4

transaction is a "true loan," a relevant factor is "whether the promise to repay is evidenced by a note or other instrument." Welch, 204 F.3d at 1230; see generally Burke v. Comm'r, 929 F.2d 110, 114 (2d Cir. 1991) (rejecting taxpayer's claim that deposit to account was a nontaxable loan repayment because, in part, taxpayer did not offer any documentation of the loan). In light of these principles, it was the Harmers, rather than the IRS, who should have been more active in talking to various third parties and in producing evidence to document the loans. Further, it is apparent from the record that the Harmers should have informed the IRS promptly that some of the loans at issue were undocumented (and thus, the Harmers should also have obtained and produced third-party affidavits confirming the existence of the alleged loans).

We conclude the Tax Court did not abuse its discretion in determining that the Commissioner was substantially justified, at the time the statutory notice of deficiency was filed, in treating the deposits to the Harmers' bank account as taxable income. See In re Yochum, 89 F.3d 661, 671-72 (9th Cir. 1996) (concluding IRS position was substantially justified because taxpayers failed to adequately substantiate their claims and, upon doing so, the IRS conceded various issues). Further, we agree with the Tax Court that the Harmers do not qualify as a

"prevailing party" for purposes of § 7430.[2]

The judgment of the Tax Court denying the Harmers' request for an award of litigation costs pursuant to 26 U.S.C. § 7430 is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] Because the Harmers' remaining arguments hinge upon the erroneous assumption that they were the prevailing party for purposes of § 7430, we find it unnecessary to address those arguments.